IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PHILLIP ALLEN DRISCOLL
Inmate # BOP Reg. 41294-074,

          Petitioner,

v.

LOREN GRAYER, Warden,

          Respondent.

1:07-cv-1633-WSD

**OPINION AND ORDER**

This matter is before the Court on Petitioner Phillip Allen Driscoll's ("Driscoll") Petition for Writ of Habeas Corpus [1], and Magistrate Judge Walker's Final Report and Recommendation ("R&R") [13].

With respect to portions of the R&R to which there is no objection, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983). Driscoll has not objected to the R&R, so the Court reviews it for plain error.

**I.    BACKGROUND**

On February 8, 2007, Driscoll was sentenced in the United States District Court for the Eastern District of Tennessee to a twelve-month term of

imprisonment for income tax violations, to be followed by a three-year term of supervised release.  United States v. Driscoll, No. 1:05-CR-103 (E.D. Tenn. 2007). Driscoll began serving his sentence on March 12, 2007.  His pre-release preparation date[1] was December 24, 2007; his projected good-conduct or "statutory release" date was January 24, 2008; and the date of his release if he serves his full sentence of incarceration is March 11, 2008.  Report and Recommendation, p 1-2. Driscoll was in fact released from prison on or about January 24, 2008, as scheduled.

On July 16, 2007, Driscoll filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 alleging that the Bureau of Prisons ("BOP") "violate[d] the laws of the United States" by refusing to consider him for an earlier placement in a Residential Reentry Center ("RRC").  Petition for Writ of Habeas Corpus, p 1. Driscoll alleges that the BOP policy regarding RRC placement violates 18 U.S.C. § 3621(b), which sets forth five mandatory factors for the BOP's consideration in determining the place of incarceration for individual inmates.  The factors include:

---

[1] "The Bureau [of Prisons] designates inmates to community confinement only as part of pre-release custody and programming which will afford the prisoner a reasonable opportunity to adjust to and prepare for re-entry into the community." 28 C.F.R. § 570.20(a).

> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence–
>     (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>     (B) recommending a type of penal or correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to § 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

The BOP regulation challenged by Driscoll is codified at 28 C.F.R. § 570.21(a) (the "2005 Rule"), and states that inmates may be assigned to a RRC only "during the last ten percent of the prison sentence being served, not to exceed six months."  Driscoll argues that this regulation violates the BOP's duty to consider all five § 3621(b) factors.[2]

---

[2] Other circuits have held the BOP RRC assignment regulations policy invalid on the grounds that it violates the requirements of 18 U.S.C. § 3621(b). Our circuit has not considered this issue.  See, e.g., Wedelstedt v. Wiley, 477 F.3d 1160 (10th Cir. 2007); Levine v. Apker, 455 F.3d 71 (2d Cir. 2006); Fults v. Sanders, 442 F.3d 1088 (8th Cir. 2006).

The Magistrate Judge recommended dismissing Driscoll's petition because he failed to exhaust his administrative remedies. After careful review, the Court finds no plain error in the Magistrate Judge's factual or legal conclusions.

## II.     DISCUSSION

The R&R properly concluded that the petition currently must be denied due to Driscoll's failure to exhaust administrative remedies. "[P]risoners seeking habeas relief, including relief pursuant to § 2241, are subject to administrative exhaustion requirements." Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004). For habeas petitions brought under § 2241, the exhaustion requirement is jurisdictional. United States v. Williams, 425 F.3d 987, 990 (11th Cir. 2005); Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992); Hegney v. Holder, 177 F. App'x 901, 903 (11th Cir. 2006); Hicks v. Jordan, 165 F. App'x 797, 798 (11th Cir. 2006). Challenges to agency actions generally are subject to a similar jurisdictional exhaustion requirement. Boz v. United States, 248 F.3d 1299, 1300 (11th Cir. 2001).

Driscoll urges the Court to apply a futility exception to excuse his failure to exhaust the administrative remedies available to him. "Given [Eleventh Circuit] precedent that the exhaustion requirement in § 2241 cases . . . is jurisdictional,

whether he may even assert a futility exception to the requirement is questionable."[3]  Hicks, 165 F. App'x at 799; see also Jaimes v. United States, 168 F. App'x 356, 359 (11th Cir. 2006).

The Eleventh Circuit has stated that the exhaustion requirement under § 2241 is jurisdictional, and there is no clear precedent suggesting that the Court is entitled to excuse the requirement even if it believes that demanding exhaustion would be futile.  Nor has the Eleventh Circuit addressed the validity of the 2005 Rule, or whether a federal prisoner may seek relief from it via a § 2241 petition, or

---

[3] Whether the Court is entitled to make discretionary exceptions to an exhaustion requirement–such as the futility exception urged by Driscoll–may depend on whether exhaustion is created judicially or by statute.  See, Richardson v. Reno, 162 F.3d 1338, 1374 (11th Cir. 1998), vacated on other grounds at 526 U.S. 1142 (1999) ("[a]lthough judicially developed exhaustion requirements might be waived for discretionary reasons by courts, statutorily created exhaustion requirements bind the parties and the courts.").  The Eleventh Circuit has held that statutory exhaustion requirements are not susceptible to exception because they are jurisdictional in nature.  Hicks, 165 F. App'x at 799 n.2.

The exhaustion requirement under § 2241 is judicially developed, not statutory.  See Thomas v. Crosby, 371 F.3d 782, 791 (11th Cir. 2004) (Tjoflat, C.J., concurring).  The Eleventh Circuit nonetheless has repeatedly and expressly designated the requirement as jurisdictional in nature.  Thus, even though the requirement is judicially developed, the Court cannot conclude that it has the authority to make discretionary exceptions to it.  Cf. Winck v. England, 327 F.3d 1296, 1299-1300 and n.1 (11th Cir. 2003) (comparing prudential exhaustion requirements based on comity, for which exceptions are appropriate, with jurisdictional exhaustion requirements such as in a habeas petition brought under § 2241).

without first having exhausted the BOP's administrative remedies.  When addressing these same issues, the majority of the members of this district, including this Court, have denied habeas relief with respect to the 2005 Rule.  See Works v. Zenk, No. 1:06-cv-2175-WSD (N.D. Ga. June 18, 2007).[4]  Put another way, the Court concludes that it does not have discretion to waive the exhaustion requirement.[5]

Driscoll concedes that he has failed to exhaust his administrative remedies.  Petitioner's Traverse to Respondent's Response, p 5.  The Federal Regulations expressly provide for methods for "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement. . . ."  28 C.F.R. § 542.10(a).  Driscoll has not shown that the BOP lacks an administrative grievance process for this particular aspect of his confinement, or that he has even attempted to use the

---

[4] See, e.g., Polichemi v. Zenk, No. 1:06-cv-2332-CC (N.D. Ga. Oct. 3, 2007); Dukes v. Zenk, No. 1:07-cv-0233-TWT (N.D. Ga Aug. 23, 2007).

[5] The Court acknowledges that it may be futile to require Driscoll to exhaust his administrative remedies, because the BOP has adopted a "clear and inflexible" policy regarding its interpretation of the relevant statutes.  See, e.g., Fagiolo v. Smith, 326 F. Supp. 2d 589 (M.D. Pa. 2004); Monohan v. Winn, 276 F. Supp. 2d 196 (D. Mass 2003).

processes that do exist.  The Court therefore concludes that it lacks jurisdiction to consider Driscoll's petition until he exhausts the available administrative remedies.[6]

## III.  CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the Court **ADOPTS AS ITS ORDER** the Magistrate Judge's Report and Recommendation.  Respondent's Motion to Dismiss [11] is **GRANTED** and Petitioner's Writ of Habeas Corpus [1] is **DISMISSED**

---

[6] Because the Court concludes that it lacks jurisdiction to consider the habeas petition, it would be inappropriate to address the merits of Driscoll's claims.

**WITHOUT PREJUDICE** for failure to exhaust administrative remedies.[7]  The

Clerk is **DIRECTED** to close this case.

    **SO ORDERED** this 31st day of January, 2008.

                                      _/s/ William S. Duffey_
                                      WILLIAM S. DUFFEY, JR.
                                      UNITED STATES DISTRICT JUDGE

---

[7] As noted above, p 2 supra, Driscoll has already been released from prison. In this case, Driscoll first argued that the BOP was required to consider transferring him to a RRC before 10% of his sentence remained.  Upon the BOP's decision to consider and ultimately transfer Driscoll to a RRC on or about December 27, 2007, Driscoll maintained that he was still entitled to the same relief, specifically transfer to aa RRC before 10% remained in his sentence (and thus before his scheduled transfer of December 27, 2007).  Because Driscoll has already received a far greater remedy–his liberty–than that which he requested, Driscoll's petition would appear to be moot.  When there is no longer a case or controversy to litigate in a habeas corpus action, and a favorable decision on the merits would not entitle the applicant to any additional relief, the habeas application is moot. Soliman v. United States ex rel. INS, 296 F.3d 1237, 1243 (11th Cir. 2002); United States ex rel. Graham v. United States Parole Comm'n, 732 F.2d 849, 849-50 (11th Cir. 1984) (citing O'Shea v. Littleton, 414 U.S. 488, 494 (1974)).  The Court notes, however, that there is some case law to suggest that a petitioner, even after release from prison, remains "in custody" if he is still subject to a term of supervised release, as is the case with Driscoll.  See Levine, 455 F.3d at 77.  ("[T]he fact that the district court might, because of our ruling, modify the length of [petitioner's] supervised release would constitute 'effectual relief.'").